UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                    CASE NO.: 19-26435-MAM

VICTOR ROBERT ZEPKA                                      In proceedings under Chapter 13

    Debtor.
_____/

**DEBTOR'S RESPONSE TO SECURED CREDITOR'S MOTION FOR RELIEF
FROM STAY AND CO-DEBTOR RELIEF TO ENFORCE
CONSENT FINAL JUDGMENT OF FORECLOSURE
RE:615 NE 20TH STREET, WILTON MANORS, FL 33305**

    Victor Robert Zepka, the Debtor herein, through undersigned counsel, files this Response to Motion For Relief From Stay and Co-Debtor Relief to Enforce Consent Final Judgment of Foreclosure Re: 615 NE 20th Street, Wilton Manors, Fl 33305 and in support thereof states:

    1.    On December 9, 2019 (the "Petition Date") the Debtor filed a voluntary petition under Chapter 13, Title 11 of the United States Code.

    2.    Debtor filed this case by reason of the fact that he is currently diagnosed with stage 4 renal cell cancer, *i.e.*, kidney cancer. He was the owner of a successful nightclub/restaurant known as the Boardwalk, which was located in Wilton Manors, Florida for thirty (30) years. When he became ill, he was unable to properly manage the business. His replacement manager fell behind on both sales taxes and payroll taxes.

    3.    The Debtor's homestead property is located at 615 NE 20th Street Wilton Manors, Florida 33305 (the "Homestead"). The Debtor resides in this property with his spouse and his octogenarian mother, who is in currently in the care of Hospice.

4. M.F. Warten (a/k/a Frederick Warten as Trustee, of the MF Warten 2012 Charitable Remainder Unitrust, dated December 19,2012 (the "Movant") is a secured creditor of the Debtor by reason of a Consent Final Judgment of Foreclosure dated December 10, 2019 in the amount of $428,011.93, which is a first lien on the Debtor's Homestead.

5. The Broward County Property Appraiser valued the Homestead in the amount of $600,280.00 for the year 2019.

6. The Debtor has an appraisal dated November 30, 2019 which was obtained for purposes of refinancing the property which values the property in the amount of $840,000.00.

## MEMORANDUM

Section 362 (d) (1) provides:

(d) (1) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

The Secured Creditor seeks relief pursuant to Section 362 (d) (1) for cause. The Secured Creditor asserts that its interest in the Homestead "is being significantly jeopardized by Debtor's failure to satisfy the Judgment while the Secured Creditor is prohibited from pursuing lawful

remedies to enforce such Judgment."

Admittedly, the Secured Creditor's "interest in the Homestead arises from the lien of a Judgment in the amount of $428, 011.93 obtained in December, 2019, only two months ago. The Judgment rate of interest is 6.83%. Interest accrues at the rate of $80.09 per diem. The Homestead is admittedly worth at least $600,280.00, leaving the Secured Creditor adequately protected by an equity cushion which exceeds $170,000.00.  Based on the Debtor's appraisal, the value of the Homestead has been appreciating, not depreciating and there may be an equity cushion of more than twice that amount or  $400,000.00.

The Judgment was allegedly obtained with the Debtor's "consent"  on September 10, 2019, only four months ago. The Debtor was undergoing extensive treatment for his cancer at the time of the hearing.  Debtor does not recall consenting to the Judgment.

 Despite his illness, Debtor has sought refinancing from various "hard" money sources and is working to obtain the best interest rate under the circumstances.  In an abundance of caution, Debtor listed the property for sale on March 6, 2020.

The Homestead is adequately protected by insurance. The 2019 real property taxes were included in the amount of the Judgment.

The Debtor is also attempting to market the Homestead,  and will use the provisions of the bankruptcy code to facilitate the sale. The Debtor has not yet attended his 341 meeting. Accordingly the Homestead is still "property of the estate".

With respect to Section 362(d) (2), there is a substantial equity in the Homestead, and the Debtor, his spouse and his dying mother need a place to live in order to reorganize.  The equity in the Homestead will provide them with affordable housing in the event the Homestead cannot

be refinanced. Accordingly the Homestead is absolutely necessary to the Debtor's reorganization.

Debtor opposes the Secured Creditor's request for direct communication at this time since his medical condition and mental abilities are unstable due to chemical therapy.

WHEREFORE the Debtor respectfully requests the Stay Motion be denied and that the Debtor be given the opportunity to file a plan of reorganization based upon the refinance or sale of his Homestead and for such further relief as the Court deems just.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by electronic mail to the Office of the United States Trustee on this day 9th day of March, 2020, and that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1 (A).

        SUSAN LASKY ESQUIRE.
        Attorney for Debtor
        320 S.E. 18th Street
        Fort Lauderdale, FL  33316
        (954) 400 7474
        Sue@SueLasky.com

        By:    /S/ SUSAN D. LASKY
               SUSAN D LASKY, ESQ.
               Florida Bar No. 451096

Antonio Alonso on behalf of Creditor M.F. Warten
alonsoa@aapalaw.com, bkecf@delucalawgroup.com

Atlas Acquisitions,LLC
bk@atlasacq.com

Mark Journey on behalf of Creditor Broward County
mjourney@broward.org, swulfekuhle@broward.org

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Christina V Paradowski on behalf of Creditor JAMES L KOLKANA
cvp@trippscott.com, bankruptcy@trippscott.com;hbb@trippscott.com

Gavin N Stewart on behalf of Creditor Financial Services Vehicle Trust
bk@stewartlegalgroup.com

Robin R Weiner
ecf@ch13weiner.com;ecf2@ch13weiner.com